# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:11-CR-354-LJO |
| Plaintiff, | ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |
| v. | |
| SHAWN CAMERON, | (ECF No. 725) |
| Defendant. | |

Defendant Shawn Cameron filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines"), which revises the Drug Quantity Table of USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses. (ECF No. 725.) The Government has opposed the motion on the basis that Defendant is not eligible for a reduction under USSG § 1B1.10. (ECF No. 733.) Defendant did not file a reply. Because Defendant is not eligible for a reduction in his sentence based on Amendment 782, the motion is DENIED.

## I. BACKGROUND

Mr. Cameron was sentenced by the Court on April 28, 2014 after pleading guilty to one count of conspiracy to distribute methamphetamine. (ECF No. 535.) The Court found a base a base offense level of 38 based upon the agreement that Defendant was responsible for more than 15.9 kilograms of actual methamphetamine. The Court further found a four-level increase for Defendant's position as an organizer, a two level enhancement for importing methamphetamine, and a three point reduction for acceptance of responsibility. The adjusted offense level of 41, combined with a criminal history category of IV, provided for a guideline range of 360 months to life. The Court adopted the presentence investigation report ("PSR") and sentenced Defendant to 384 months, in accordance with the PSR's recommendation.

Defendant now moves to reduce his sentence, attempting to take advantage of Amendment 782 to the Sentencing Guidelines, which lowered the offense levels for most drug quantities by two.

## II. STANDARD OF DECISION

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. § 3582(c)(2); *see United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. *See* Amendment 782. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* USSG, sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is

eligible for a sentence modification under the Commission's policy statement in USSG § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* USSG § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

### III. **DISCUSSION**

Amendment 782 has not reduced the guideline range applicable in Defendant's case. Under the amended Drug Quantity Table, an offense involving more than 4.5 kilograms of actual methamphetamine still results in a base offense level 38. Because the drug quantity involved in Defendant's case was determined to be 15.9 kilograms, a base offense level of 38 still applies even after Amendment 782. USSG § 2D1.1(c). At the established criminal history category of IV and total offense level of 41, Defendant's guideline range is still 360 months to life, the same as the previous range applicable to his case. The Ninth Circuit has held that where application of the pertinent amendment does not result in a different sentencing range, the court is not authorized to reduce defendant's sentence under § 3582(c). *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (holding that while the

3

base offense level retroactively had been reduced, defendant was ineligible for a sentence reduction under § 3582(c) because the final sentencing range was unchanged due to the operation of the grouping rules). Because Amendment 782 does not affect the advisory guidelines range applicable to Defendant's original sentence, he is not eligible for a reduction in his sentence.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Shawn Cameron's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

IT IS SO ORDERED.

Dated: **December 1, 2017**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE